**UNITED STATES of America ex rel. Charles MARSHALL, Petitioner,**

v.

**Michael O'LEARY, et al., Respondents.**

**No. 88 C 3498.**

United States District Court, N.D. Illinois, E.D.

Sept. 20, 1988.

Charles Marshall, Joliet, Ill., for petitioner.

Terence Madsen, Asst. Atty. Gen., Chicago, Ill., for respondents.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Charles Marshall, an inmate at Illinois' Stateville Correctional Center in Joliet, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 charging constitutional violations in the decision of a Correctional Adjustment Committee. Respondents have filed a motion to dismiss which, for the following reasons, we grant.

### I.

Marshall is currently incarcerated at Stateville serving an indeterminate term of 75 to 150 years for murder. On or about April 30, 1986, an Adjustment Committee found Marshall guilty of participating in the assault of a correctional officer and sentenced him to 360 days in segregation, demoted him to C–Grade status and rescinded 360 days of good-time credit toward his parole. Marshall filed a petition for writ of habeas corpus in the Illinois Supreme Court charging denial of due process. The Court summarily denied the petition, presumably for failure to first present the petition to an Illinois Circuit Court. Marshall then filed this petition, charging the denial of procedural due process at the Committee hearing and that the Committee's decision was unsupported by the evidence. Respondents move to dismiss for failure to exhaust available state court remedies.

### II.

A state prisoner must exhaust all available state remedies before bringing a federal habeas petition. 28 U.S.C. § 2254(b). This exhaustion requirement applies to a prisoner's federal challenge to the decisions of a state prisoner administrative board. A prisoner in an Illinois correctional center may appeal the decision of an Adjustment Committee to the state courts, *see, e.g., People ex rel. Yoder v. Hardy,* 116 Ill. App.3d 489, 71 Ill.Dec. 811, 451 N.E.2d 965 (5th Dist.1983), and the prisoner must pursue that avenue of relief prior to seeking federal habeas relief. *United States ex rel. Johnson v. McGinnis,* 734 F.2d 1193 (7th Cir.1984). In the event that the prisoner appeals the prison authorities' decision directly to the Illinois Supreme Court and that Court dismisses the petition for seeking an inappropriate remedy (habeas corpus instead of a writ of mandamus) or for failure to seek relief first in a state Circuit Court, the prisoner must then pursue his claims in the appropriate Circuit Court before filing a federal habeas petition because a state forum remains available. *Crump v. Lane,* 807 F.2d 1394 (7th Cir.1986).

Marshall has not, as is his burden, demonstrated that the Circuit Court will not hear his claims. Instead, he contends that the Illinois Supreme Court waived this exhaustion requirement by summarily dismissing his petition and failing to properly advise him that the appropriate avenue for relief lies in a petition for writ of mandamus to the Circuit Court. We disagree. There is no support for Marshall's implicit

proposition of law that a state prisoner may avoid available state remedies on the pretext that the Illinois Supreme Court failed to affirmatively inform him of how to rectify his procedural error. With respondents' motion to dismiss and this opinion, Marshall is now aware of the available state court remedy (appealing the Adjustment Committee's decision to the Circuit Court serving the jurisdiction in which Stateville sits) and must pursue that remedy to judgment along with all available state appeals before seeking federal relief.

### III.

Marshall's habeas petition is dismissed without prejudice[1] for failure to exhaust state court remedies. It is so ordered.

---

1. In the event that the Circuit Court denies relief and the Illinois Appellate and Supreme Courts affirm, Marshall may seek federal habeas relief, if he so chooses.